IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEON STAFFORD, Jr., : | |
|     Plaintiff : | |
|     v. : | Case No. 3:24-cv-281-KAP |
| CHRISTOPHER STEVENS, *et al.*, : | |
|     Defendants : | |

<u>Memorandum Order</u>

On December 3, 2024, plaintiff Stafford, an inmate at a re-entry facility in Philadelphia (in the Eastern District of Pennsylvania), submitted a civil complaint alleging that on the morning of February 9, 2024, while he was being transported to S.C.I. Smithfield (in Huntingdon County, in the Middle District of Pennsylvania) for a parole violation hearing, the defendant agents of the Pennsylvania Parole Board who were transporting him stopped in Mount Union Borough (in Huntingdon County, in the Middle District of Pennsylvania) because they were ordered to assist at the scene of a police standoff involving a man who had barricaded himself in a unit of a housing project. Stafford alleges that he was on scene for approximately two to two and a half hours until someone from the Pennsylvania State Police told the parole agents to remove him. Stafford objected at the time to being present at the scene because it potentially presented danger to him; when he complained that he was being used as a human shield one of the agents allegedly told him to learn to duck. Stafford alleges that he suffered emotional distress from being at the scene, and believes that he is in danger because bystanders recording the incident on their cellphones may have posted his image on social media.

All the events alleged to give rise to the claim happened in the Middle District and under 28 U.S.C.§ 1391(b)(2) venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred," so venue is proper in the Middle District. Stafford alleges that the defendants he names, including the two defendants who allegedly gave the order to assist to the transporting agents, worked at the Board's office in Harrisburg (in the Middle District). Stafford describes one of his three John Doe defendants as employed at the Altoona office of the Board, which is in Blair County (in this district), but he has not alleged any defendants reside in this district. It is not clear that under 28 U.S.C.§ 1391(b)(1)(venue is proper in a district " in which any defendant resides, if all defendants are residents of the State in which the district is located") venue is even proper in this district.

The applicable change of venue provision at 28 U.S.C.§ 1404(a) provides that:

For the convenience of the parties and witnesses, in the interest of justice, a district

1

court may transfer any civil action to any other district or division where it might have been brought... .

*See also* 28 U.S.C.§ 1406(a). Even if Stafford could amend his complaint to allege a link to this district that might confer venue, based on what he does allege it is in the interest of justice to litigate matters in the district where the events alleged to underlie the claim took place and where, based on the allegations of the complaint, the defendants most likely reside.

*Sua sponte* transfer of a civil complaint to the proper venue is a discretionary decision to be made after weighing "the unique interests and considerations relevant to th[e] case." Gage v. Somerset County, No. 22-2696, 2023 WL 179847, at *2 (3d Cir. Jan. 13, 2023). The Clerk shall transfer this matter to the United States District Court for the Middle District of Pennsylvania for disposition of the motion to proceed *in forma pauperis* as that Court deems appropriate. *See* Smith v. Ebbert, No. CV 20-1736, 2021 WL 1986416, at *1 n.2 (W.D. Pa. May 18, 2021)(authority of Magistrate Judge to transfer, *citing inter alia* Bond v. McKean County, No. 4:19-CV-1535, 2019 WL 4452228, at *1 n.1 (M.D. Pa. Sept. 17, 2019). Upon transfer, the Clerk shall mark this matter closed.

DATE: December 5, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Deon Stafford, Sr. KH-3954
301 East Erie Avenue
Philadelphia, PA 19134